Court now calls 116-998 Virginia Bruns v. City of Centralia. Are the parties ready to proceed? You may proceed. May it please the court, counsel. My name is Brian Funk. I represent the city of Centralia in this matter.  However, since the parties and the appellate court all agree that the condition of the walkway in question was open and obvious as a matter of law, the dispositive issues in this appeal become, one, whether plaintiff was, in the legal sense of the word, distracted at the time of her accident, and if she was distracted, whether that distraction was foreseeable to the city. Since this is an open and obvious condition and that everybody agrees that it's an open and obvious condition, we start with the presumption that the users of the property will notice the condition, appreciate any risks that the condition poses, and avoid that condition. This presumption is coupled with the rule that a landowner generally need not anticipate the negligence of others. For those reasons, open and obvious conditions, such as the one in this case, are not inherently dangerous. However, the fact that it's open and obvious and this presumption can be discounted if one of the limited and narrow exceptions recognized by this court apply. In this case, we're dealing with the distraction exception, which is set forth in comment F to section 343A of the restatement. And essentially, it stands for the proposition that despite the open and obvious nature of the defect, an injury could still be foreseeable despite its obvious nature. The plaintiff in this case argues that she was distracted because she was looking at a building, her destination, as opposed to the condition of the walkway. The Fifth District Appellate Court agreed, and I think it's important just to briefly cite from the Fifth District's case as to what they found to be a distraction. And the Fifth District, in its opinion, stated at the time of her fall, plaintiff was not looking down at the sidewalk. Instead, she was looking toward the clinic door and steps where she was intending to enter. Because her attention was fixed on the clinic's entrance, she did not notice the crack in the sidewalk. And that was the distraction that the appellate court recognized. The first problem with that is that plaintiff testified that she did see the condition before she fell. And that's not been argued that she didn't see it by the plaintiff. So the appellate court is wrong in that regard. The second problem is that the appellate court did not give any reason why the plaintiff was looking at the doorway as opposed to the condition. The Fifth District did not find that something caused plaintiff to look at the building or that she was required to look at the building. Instead, they just said or concluded that plaintiff was looking at the building instead of the condition. And in its opinion, the Fifth District stated that this could be for any number of reasons. And they borrow from scenarios from Harris v. Old Kent Bank, which is a second district case which doesn't even address the open and obvious issue. And the appellate court said, well, a plaintiff could be looking at bank transactions, they could be looking for their car keys, or they could be looking for their car. And any of those situations qualified and met the distraction exception. Obviously, if a plaintiff could simply say, I was distracted by looking at point A instead of at the condition, then the exception swallows the rule. There would be no situation where you could invoke the open and obvious doctrine because the distraction exception would always apply. The only time it wouldn't apply is if the plaintiff was actually looking at the condition when she fell. But the Fifth District didn't stop there. They went on and said not only is simply looking away from the condition a distraction, but if we can find any set of circumstances where it would be reasonably foreseeable that a plaintiff would be distracted, then the distraction exception applies. Whether or not that actually occurred in the case. And one of the examples that the appellate court gave was that a person might have gone into, the building we're dealing with was an eye clinic, a person could have gone into the eye clinic, had eye procedures performed, been in there for a significant period of time, walked out, forgotten the condition of the sidewalk, and tripped and fell. And once again, if the appellate court is allowed to think of any set of circumstances where distraction may occur, even though they didn't occur in the case, then again, the exception is going to swallow the rule. Because you're going to have the court being able to apply the distraction exception based on events that didn't occur. Kagan. Kagan. Kagan. Counsel, may I ask you a question about the proper analytical framework to resolve these kinds of cases? So something kind of like bigger idea here. Obviously, this Court has set up a four-part test for the Court to determine whether duty exists, and that's an issue for the Court to decide. The reasonable foreseeability of an injury to another, the reasonable likelihood of injury, the magnitude of the burden that guarding against the injury places on the defendant, and the consequences of placing that burden on the defendant. Now, those are the four prongs that we talk about in a lot of cases. Then we also talk about open and obvious and distraction. How do you think those two ideas fit together? The four-part test of the duty analysis and open and obvious and distraction. How do they work together, or do they work together? They do work together, and it's that the open and obvious, if a condition is determined to be open and obvious as a matter of law, it affects the first two factors in that duty analysis, the foreseeability of the injury and the likelihood of injury. And this Court has said, and other courts have also, the appellate courts have also agreed that where a condition is open and obvious, the likelihood of injury is slight, and the foreseeability of injury is lessened. Because it goes back to the presumptions that if a condition is open and obvious, users of the property will see it, they'll recognize the consequences of coming in contact with it, and they will avoid it. So it deeply affects those first two factors. And I have not seen a case from this Court or any of the appellate courts where a condition has been determined to be open and obvious, where distraction or deliberate encounter exception doesn't apply, where duty is found to exist. So I think it's of the utmost importance, if it's open and obvious, then without the distraction exception applying, it's likely that there is no duty. So is the distraction issue also grounded in these four elements? The distraction exception affects the open and obvious doctrine. The presumption is that, as I said before, you'll see it, you'll avoid it. However, the restatement, which this Court adopted in Ward and Deibert, recognizes that there may be circumstances that a landowner should foresee where the person may be injured despite the fact it's open and obvious. And one of those is where you had reason to expect that somebody's attention may be distracted or that they would forget about the condition. So the exceptions affect the open and obvious doctrine, which then affects the first two factors of the duty analysis. So foreseeability is the keystone of both open and obvious and distraction? Yes, I would agree with that. And as this Court has recognized, foreseeability is not 20-20 hindsight. It's not everything that conceivably could occur, which I believe is what the appellate court found in this case. In fact, I believe that they went beyond what conceivably could occur and went to hypotheticals. In those cases, there is no way that the distraction exception would not apply. And if the distraction exception applies in every case, then you have no open and obvious doctrine. And this Court has mandated that on numerous occasions that the open and obvious doctrine is alive and well in the state of Illinois. Mr. Funk, just to follow up on Justice Tice, I want to make sure I understand your argument. What is it you're presenting to us to decide that goes beyond merely the application or not misapplication, either the exception applies or it doesn't apply? What are you asking this Court to decide that's beyond the application of this exception with these facts in this case? How is it more than just this case? I think that there are guidelines that can be provided that you see in the appellate courts that have interpreted this court's decisions in Ward and Deibert that have laid down guidelines that don't seem to be unanimous throughout the divisions of the appellate court. But I think those guidelines or that this court could provide guidelines so that we can harmonize the precedent so that there aren't differences between the divisions of the appellate court. And with regard to the distraction exception, and specifically the Fifth District, you see changes in how they interpret it from decision to decision. For example, in the case of Barr, the appellate court said whether the landowner caused or created the distraction is not relevant to whether it was foreseeable, whether the distraction was foreseeable. Now this court said otherwise, and even the Fifth District in Whittleman v. Olincorp, which is a case that the defendant relied on, the city relied on, the Fifth District said, you must consider it. So we've gone from we must consider it to you don't consider it at all. And I think this court has the power to provide guidelines to the appellate courts and divisions of the appellate courts so that the distraction exception is interpreted uniformly. Now, of course, it's a case by case basis, but I certainly think that at least within the Fifth District, you can see that those guidelines would be helpful. And going back to the Fifth District's hypotheticals, if you look at, and this touches on Justice Kilbride's question, another case that predates the Whittleman case, which is Mashoff v. National Supermarkets. It's a Fifth District appellate court case. The appellate court in that case recognized that there was no evidence that the defendant or the plaintiff was distracted. And in there, however, the appellate court found that the distraction exception applied. In doing so, the appellate court stated that plaintiff didn't say he wasn't distracted. And went on to say that plaintiff could have forgotten about the slippery condition. And went on further to state that plaintiff might have been distracted by talking to somebody at the time of his accident. Once again, we're getting into the hypotheticals where you don't even need evidence to show that there was a distraction in order to apply the distraction exception. The guidelines which I mentioned, they come from not only this court's decisions in Ward and Deibert, but also the appellate court opinions interpreting Ward and Deibert. And some of those guidelines are whether the distraction was involuntary or whether it was completely self-created by the plaintiff. For example, situations like looking for a child, answering a cell phone, looking at a car. Those have all been determined by other divisions of the appellate court to not constitute a distraction. And as I stated previously, the fifth district applied that rule in Whittleman. Also, appellate courts have looked at whether the plaintiff was required to look at the condition or hazard at the time he or she was distracted. And that's in line with this court's case or decision in Deibert, where a plaintiff was required to look up to avoid debris being thrown on his head in a construction site. And American National, which is a case where this court recognized that the plaintiff, in stepping from a ladder over an elevated billboard to a walk rail, had to concentrate on those feats instead of worrying about a overhead wire. The appellate courts have also looked at whether the defendant, the property owner, caused or contributed to the distraction. And once again, as stated earlier, Deibert, this court's decision in Deibert specifically recognizes that, and so does the fifth district's decision in Whittleman.  If you look through the case at bar, and the facts of the decisions of this court, and the other divisions of the appellate court, you see that none of them apply. None of these guidelines support the fact that, or the holding of the appellate court that plaintiff was distracted at the time of her accident. Plaintiff was not required to look anywhere else. The distraction was completely within her control. And the landowner, the city, didn't cause or contribute to her distraction in any way, shape, or form. And if you look through the rest of the facts of this case, you'll see that it's clearly not a distraction. And if it is a distraction, it's not one that can be said to be foreseeable to the city. Does the fact that there were prior complaints have any place in the analysis? I don't believe that it does, and that was an issue raised by the appellate court and relied on by the appellate court, and it's been also something that the plaintiff has raised in her arguments. Notice of the condition does not change the fact that an open and obvious condition, the presumption that, it doesn't change the presumption that somebody will see it, recognize it, and avoid it. And in fact, if you go through almost all the cases cited by the parties, including the cases decided by this court, you'll see that in all those cases, the property owner had notice of the condition. In Ward, Kmart had notice of the poles outside of the property. In American National, the sign owner had notice that the walk rail was near the electric wires. In all the cases, the landowner had notice of the problem. So it doesn't affect whether it was open and obvious. In fact, knowing of the condition, a property owner is then able to determine whether something is open and obvious. And whether it can be, as a matter of law, considered that somebody will avoid it. So, and that's another reason why the appellate court's decision should be reversed, is that it put stock in that the city had notice of this defect. Now, if we're going down the line to proving negligence, then notice comes into play. But when determining duty, it does not. As I stated earlier, if you go through the facts of this case, you'll find that the distraction exception does not apply. Therefore, if you go through the rest of the factors of the duty analysis, foreseeability of injury, likelihood of injury, you'll see that those factors do not weigh in favor of finding a duty. And for those reasons, we believe the decision of the appellate court should be reversed. Thank you. Mr. Price? Thank you, Your Honor. Dan Price, Hwaman Hwam Attorneys, Centralia, Illinois. This is my first appearance before this court, and I regret to some extent that I come here frustrated. I represent an 80 year old lady who has suffered the harshest remedy that a civil litigant can endure in this state. The trial court threw her case out, did not give us the opportunity to present that case to a jury. I'm also frustrated because my opponent has an undertone in both his brief and his reply brief. That there is something about this decision of the Fifth District, and Justice Cates, that's sort of off the reservation. And not in keeping with the law of Illinois, the law of this court, and its prior decisions. I would respectfully suggest to you that nothing could be further from the truth. The basis that I make that statement to you is the facts that this case presents. You know, there's a lot of cases on the slips and falls and the distraction exception, lots of them. And they do go all over the lot. This case- Since there are so many cases on the distraction exception and open and obvious, help me out with the heavy reliance that this appellate court placed on the Harris versus Old Bank case. And let me just tell you where I'm going. Yes, sir. As I read it, it had to do with de minimis, the four inch or the inch or three quarters of an inch in the sidewalk. I don't think there's any mention of open and obvious or distraction, is there, in that case? No, but there was the recognition that people were doing something in that area that would create even a de minimis defect in the sidewalk to be a hazard to them. They would be looking for their keys, reviewing their transactions, looking at their checkbooks, that sort of thing, likely to occur in that area. Yeah, but even that, even factually, it amounts to the Harris case, talks about leaving the bank and being reasonable to look at your papers. Here, a plaintiff was arriving at the clinic, right, not leaving after a procedure where you might have papers and you might be thinking about it. And a defendant's PLA at least pointed out that plaintiff wasn't complaining about an inability to see upon her arrival, nor did she say she was distracted because her eyes were bothering her. So they have heavy reliance on a case that on the law is certainly distinguishable, and I would submit that maybe on the facts is distinguishable. Justice Thomas, what this woman was doing was looking at the door and the steps that she was going to go through. Now, that's no less reasonable than reviewing your transactions as you're coming outside of a bank and looking at what you have done. I mean, the distinction is one I would respectfully suggest is that without a difference. Looking at where you're going rather than looking at what you've done. It's looking at something that should be foreseen. And in fact, this court has recognized in several different cases that you can't look in two places at once. Well, she's about 25 feet from that door, right? Well, the feet are not in the record. The photographs, I guess, speak for themselves. It's not right there and it's not real far. It's just, I don't know whether 25 feet's right or wrong, to be perfectly candid. Address for me the argument that we heard from Mr. Funk, that what would not be a distraction? If this is a distraction, what would not be a distraction? I think his argument is the exception would swallow the rule. And that's a valid concern. And I think one of the things that you have to look at is where this is located. What's around it? If you had a forlorn sidewalk that didn't lead somewhere. And you had a bird go over or you had a dog go by. Something like that that took your attention away, that there would be no reason the city or the landowner would foresee. Now, that may be a distraction, but it may not be recognized as a legal distraction. I think the key here that differentiates this from a lot of the cases is, one, they have transitory occurrences, like where the fan is in a room or something like that. The appellate court looked here and relied heavily upon the fact that the location of this was directly in line with that door. You can't look two places at once. And it's reasonable to look where you're going. And in fact, in one very real sense, you could say her distraction was her own attentiveness. She was trying to look at where she was going to go. And I would respectfully suggest, can't say that's unreasonable. Could I point something out also, please? And I've thought many times that maybe I made a mistake in the trial court by acknowledging that this was an open and obvious condition. That's troubled me. To this day, I don't know how I could have taken a different position. There's a certain amount of obfuscation in some of the cases where plaintiff's try to dance around that notion and make something not open and obvious that for practical purposes is. I didn't do that here. And maybe I should have. And so this is an open and obvious condition. And it's acknowledged. But this is a unique open and obvious condition, I respectfully suggest to you. Because everyone that has seen this open and obvious condition has said that it was hazardous. That's why these all have to be taken on their own facts. And by that, I mean the people that owned the eye clinic years before had called the city, asked the city to take down that tree, offered to pay for it at their own expense because of the hazard that it created. So the people there that saw it thought it was hazardous. I took the deposition of the public works director. And this is in several places in the brief. But that public works director for the city of Centralia said, yes, looking at these photographs, that is a hazardous sidewalk. We understand that people don't always look down. And yes, if the city had known about this and did nothing, they were negligent. And they fixed it the next day or within a very short time thereafter. And I disagree profoundly with Mr. Funk when he says that those factors are not properly taken into account in whether or not a duty should be recognized. So you're saying that because of the prior notice of incidents, it makes this doorway more foreseeable as a distraction than any other? Is that what you're saying or not? Well, I'm wanting to roll around to that, and I would offer the thought this way if I could. Justice Tice mentioned this interplay between the four factor analysis and the distraction exception as it's embodied in 343 AF of the restatement. I mean, the restatement uses the term can reasonably be anticipated, if I recall correctly. Now, I don't see that very different than foreseeable. I think there's a lot of overlap there. I don't see how you couldn't say that. But let's look at the other factors that a court should consider in determining the existence of duty. What we're talking about, the consequences of imposing the duty. We're talking about the burden, and we're talking about the risk of likelihood of injury. Now, when you evaluate those factors, in light of the fact that the adjacent landowner has asked about this. And in light of the fact that everyone that has seen it has said it is dangerous. Well, frankly, the burden seems much more minimal. And the consequences seem much less to be imposed upon a city when you consider the fact that these have been asked. So that's where I was trying to go with that, Justice Garmon. But if we find for you, would that like convert the entire downtown Chicago area into a very big distraction? Well, let's look at it this way. If, and I think this is a great opportunity for this court to consider this law, if you have a public sidewalk and it's in front of one of the great department stores that are here that have the department store windows, and it has a large defect. And the city of Chicago says, we don't have to do anything about that defect. It's open and obvious. And they say, well, people will be looking in the store windows, but those store windows aren't our store windows. We didn't create them. So it's not our fault that they don't look down where they're going. Is that the right policy? And that's not turning the entire downtown into a distraction. It is recognizing the fact that people are looking at store windows. But like in the city of Chicago, there are miles and miles and miles and miles of sidewalks. And even if they're in bad shape, they can't fix them all at the same time. They're not all in front of windows like that, Your Honor. I mean, some of them are forlorn. Going through parks, going through places where you can't reasonably expect that the pedestrian is going to have their distraction, their attention distracted from where they are. Getting back to Justice Thomas's question, then what isn't a distraction? In this case, would it be only if she were looking at the crack in the sidewalk? I'm not following. What would not, I think Justice Thomas's question was, what would not be a distraction? It was his question. And in this instance, it is the fact that she's looking at the doorway. Now, what would not be a distraction is much harder. Because most of the cases say, the person says they were not distracted. And that's a different situation. I think that's something the court can clarify here. But if you had a sidewalk where it was in a park, along a roadway, where there is nothing that can be foreseen by the landowner to cause a distraction, that you're in a different category. So there, yeah, I was looking. I used a bird. But say another pedestrian. Say something that should not be expected to be foreseen. I mean, I think that is the test that should be embraced. What's foreseeable to that landowner? That's essentially the language of 343A. It's essentially the test in the foreseeability, the first prong. Are we confusing things here, though, looking at the four factors? I don't think there's any doubt in this case they knew about the defect. And I would submit that in open and obvious cases, there are open and obvious cases where the foreseeability of harm is even greater than the foreseeability of harm here. Are we, in looking at the fact, and I would also submit that your bird example might be more of the distraction inclined to defeat open and obvious than a distraction of the plaintiff's own making. And saying, well, I'm walking up to a doorway. In a certain sense, if you look at any one of these cases, there is an element of self-created distraction. I mean, I don't know how you can walk out of a Kmart store, carry a mirror, walk directly into a post that you put in front of your face, and say there's not some element of self-distraction in that setting. Looking up as you walk out of a bathroom, same concept. Same concept. The test is, is that a reasonable thing to do under the circumstances? In the great scheme of things, and- But counsel, at this point, you're considering a city with, Justice Garment said, thousands of miles of sidewalk, but it's unfair, there's lots of sidewalks. Wouldn't you could possibly conceive if we should extend this distraction the way you'd like us to, that perhaps the ability to use a sidewalk might be taken away by the city because of the liability that they would have. They would definitely say, well, why should we, we can't maintain the miles and miles of sidewalk for all plaintiffs, if they're going to be distracted. And perhaps maybe we won't have that luxury of having sidewalks. I mean, you could go that far. Most respectfully, I think that's- For a swimming pool, because that's a distraction. Well, what you have here, that you don't have in the back patterns that concern you, Justice Burke, is that we have specific complaints about this sidewalk. I mean, these cases all rise and fall on their own facts. And I'll tell you, there is another gauntlet that any plaintiff that tries to prosecute this case has to run, besides getting past this court. And that is the jury. If you find that there is a duty, that does not mean, under the circumstances that exist, that a jury is going to agree that there's a breach of that duty. If there was no question here that there was no distraction, it wasn't even an issue. The open and obvious would not, open and obvious nature of the defect would not rise and fall on the foreseeability of harm. You'd have to agree with that, right? If there's an open and obvious situation, right? Whether or not the person who created that situation has knowledge of it, or whether or not it would be foreseeable that somebody would get hurt as a result of the open and obvious condition, wouldn't matter, right? Under our case law, it's an open and obvious condition. You may get hurt, you walk at your own risk, here's the whole, right? You'd have to agree with it. I'm with you, Judge, I think I would agree with that. Right, but now you're asking us, with respect to the exception to open and obvious, you're asking us to make a determination whether or not the defendant would, there'd be some foreseeability that this particular distraction might occur. That's how you would have us define distraction. That's pretty close, yes, Your Honor. So I think that's pretty close to the appellate court opinion, too. So in this case, it's certainly, under your analysis, foreseeable that somebody walking to a door would look at the door and therefore be distracted. But it wouldn't be foreseeable if a vulture came down and plopped himself on the plaintiff's head, and then they looked. Unless you were- To me, it seems like that's actually the opposite analysis that we should take of distraction. So things that the landowner would have no reason at all to anticipate should serve as a legal distraction, and those things that clearly present- Because as I said before, I think we're out of the four corners of the duty analysis. I think we've got an element of the law that says if it's open and obvious, you'll go at your own risk unless you are distracted. We're not looking at the defendant in this case, we're looking at the plaintiff. And whether it was reasonable for the plaintiff to be distracted when they came to the open and obvious condition. We're not looking at what the defendant knows, we're looking at what the plaintiff knows. But there's already been a determination that if it's open and obvious, whether it's harmful or not, whether it's foreseeable or not, the defendant walks. Unless, forgive me for interrupting, but under 343 AF, unless the defendant should foresee that that individual's attention would be distracted momentarily. I mean, that's clearly, under Ward and all the other cases, built into it. Right, but we always look to whether it was reasonable for the plaintiff to be distracted, right? Well, wouldn't a reasonable plaintiff be distracted? I think it's said that way a lot of times. Right, wouldn't a reasonable plaintiff be distracted? Sure. Would you look at the door and not look down? It's just like the little girl at the YMCA, Bute Coughlin, or however the name went. You know, she didn't look down, she was looking forward, and she tripped over the mat. It's the same concept. And, you know, if it goes too far, again, I really think that's for the trier of fact and not the court. I mean, you can't say, you can, you're the Supreme Court, but you can't say that someone won't be looking forward as they're walking. I mean, that is what the human condition requires. Many courts have said you don't look down all the time. But let's go to the extreme. The open and obvious, as it's been defined historically, has been fire, water, depth. Right? So there's a huge bonfire. Right? The whole analysis that we're talking about here is that it should be anticipated that a reasonable person is going to say, whoa, I'm not walking into that fire. We've added in this other idea of distraction, but you seem to be suggesting that no matter how extreme the hazard is, that the fact that someone could be thinking about something else or looking somewhere else now means that they don't have a duty to protect themselves. Is that what you're saying? No. I'm saying that that is not the test that should cause the case to be thrown out, because you're resurrecting contributory negligence as a bar when you look at it that way. If that's the situation, that's for the jury. I'm saying if it is reasonably to be anticipated that the attention would be distracted, it's over. That's how I would look at it. Thank you, Mr. Price. See the red light's on. I'll sit down unless there's something else I should address. Thank you. Thank you so much. Really briefly, I'd like to address some of the points raised by the plaintiff. First, the issue that eyesight played any role in this case whatsoever is contrary to the facts of the case. The plaintiff said she saw the defect. She saw the condition. Plaintiff said she saw the condition on the nine times she visited the clinic in the three months preceding her accident as well. This case has never been about whether plaintiff couldn't see the condition or had some kind of eyesight problem. The Harris case, as brought up by Justice Thomas, the Harris case has absolutely nothing to do with the open and obvious doctrine. Because it has absolutely nothing to do with the open and obvious doctrine, it doesn't start with the presumption that the person will see the defect, appreciate the risks, and avoid it. And in fact, the question was in Harris, was whether the defect was so small that it was not actionable. Not that it was open and obvious and should have been seen. And the second district in that case was not looking at your keys, looking at the car as a distraction exception. And with all the wealth of cases, including this Court's cases, the fact that the appellate court chose Harris is a little bit confusing. With regard to the fact that the interim director of public works testified that he believed the condition was dangerous and that people working at the clinic believed the condition was dangerous, that goes against the presumption of the open and obvious doctrine. And that is that it's not dangerous because somebody will see it, appreciate the risks, and avoid it. The director of public works is not a court. He's not a lawyer. He doesn't understand that open and obvious means that the law considers it not to be dangerous. It only becomes dangerous if the landowner can't foresee a distraction occurring. Thank you. In going to the self-created distractions, it's true that each case may have to some degree an element of self-creation. But it's not completely and totally 100% within the plaintiff's control. And I wonder if we change the facts in some of this Court's cases, such as Ward, where the plaintiff was walking out a solid door, couldn't see the posts on the other side that were only 19 inches away, and was carrying a mirror that was sold to him by the defendant. Get rid of the mirror and assume that the plaintiff wasn't carrying anything. Make those doors clear where he could have easily seen the post. Put those posts not 19 inches away from the door, but 25 feet away. Would this Court have found that Kmart owed a duty in that situation? I don't think that it would have. Well, how do you think? We talked to Mr. Price quite a bit about how we should look at distractions and what we should consider a valid distraction or not. How would you have us frame that? I think you go to the guidelines that I previously mentioned. And there's some cases where you have an involuntary distraction, where the vulture comes down on your head or something that was completely unforeseeable to the plaintiff. But that is also unforeseeable to the landowner. And the law does not impose the requirement that the landowner think of anything that conceivably could happen. So in that situation, I would say that the distraction exception wouldn't apply. But you can look through the other guidelines. Was the plaintiff required to be distracted, required to focus their attention somewhere else? That's not the case here. Although the appellate court raised that rule in its opinion, it never said, well, the plaintiff had to look at the doorway or else she would have been injured, and therefore she was distracted. And we know from the facts of this case and the pictures that the plaintiff didn't have to look at the doorway when she approached the condition of the property. She started out from the street. Everything was in her view. She saw the building. She saw the condition of the property. Had plenty of time to chart a course to avoid injury. I also think, gleaning from the cases, you also look at the context. In most of the construction cases that have been before this court and other appellate courts, it has been found that the distraction exception did apply because it was reasonably foreseeable to the owner of the property that the plaintiff would have been distracted. For example, in Diebert, the person's walking out of a portable bathroom, and debris is being thrown on his head, or at least he thinks that debris may be being thrown on his head. In Clifford, which was another case relied on by the appellate court, you have a situation where a wall fell on somebody. Now, you kind of equate the wall to the vulture, where it's something involuntary, something that the plaintiff didn't see coming. But the difference is the context of the— So you're pretty much in agreement then with Mr. Price that we look at these cases on their own facts. The only place you—and whether or not the landowner saw whatever this so-called distraction was foreseeable or not. And where you differ is he thinks that the landowner should have seen that it's foreseeable for a plaintiff to look at a door as they're approaching it. I think each case does go on its own facts, and I don't think the distraction exception lends itself to a hard and fast rule. It lends itself to guidelines that courts can follow. But in this case, if you apply any of those guidelines, and if you look at the facts, there is not one guideline, not one fact that points to a— Is there any place in the analysis as to the reasonableness of the plaintiff being distracted by it? I think— I mean, it could be foreseeable to the landowner and still not a reasonable distraction. Isn't that right? I think the reasonableness of the plaintiff's actions go to contributory negligence and on down the road, whereas the distraction exception, we're focusing on the defendant and what the defendant or the property owner had reason to foresee. But we go back to the presumption when a condition is determined to be open and obvious, and that is that you'll see it, you'll appreciate the risks, and you'll avoid it. So we're operating under that presumption that somebody will not distract themselves, as they did in this case, that they won't be distracted by a completely self-created distraction because they're going to see the defect and they're not going to look away. It's at least mere inattentiveness in this case and other cases suggested or other scenarios suggested by the appellate court. You see a defect, a condition that's open and obvious. You know you appreciate the risks, and then you decide to look for your car keys, look for your car, look for a doorway. It goes against the presumption that the person will exercise ordinary care. Could we have a different case if the plaintiff was distraught and testified to that effect? I had other things on my mind. I wasn't. No, I don't think you would. In fact, there's an appellate court case, the name's escaping me, where those exact facts, the plaintiff said, you know, I was distracted because I was thinking about a test, I was thinking about things I had to do. And the appellate court in that decision, I believe it was Hope, said that the exception would subsume the rule. If somebody just thinking about something and was distracted, the exception would subsume the rule, which is exactly what has happened here. If we have to foresee or if property owners have to foresee the negligence of a plaintiff or somebody who consciously ignores an open and obvious condition, then the open and obvious doctrine has been destroyed. Thank you. Thank you. Case number 116998, Runs v. the City of Centralia, is taken under advisement as agenda number 11. Thank you, counsel, for your arguments today. We appreciate that very much. Mr. Marshall, the Supreme Court stands adjourned until tomorrow, May 21st, 2014, where we will hold proceedings beginning at 11 a.m. in the Third District Appellate Court in Ottawa.